UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

STEVE C. THOMPSON,                                                    No. 10-10415

                Debtor(s).
_____/

Memorandum After Confirmation Hearing
_____

      Chapter 13 debtor Steve Thompson's plan came before the court on final hearing this date, some 19 months after the case was filed. Judgment creditors Stephen and Sharon Mayo objected to confirmation and have moved the court for conversion of the case to Chapter 7.

      Pursuant to § 1325(a) of the Bankruptcy Code, the court must confirm the plan if the debtor demonstrates each of nine factors. The debtor having failed to convince the court of at least three, the plan cannot be confirmed.

      Section 1325(a)(3) requires that the debtor demonstrate that the plan has been proposed in good faith and not by any means forbidden by law. Section 1325(a)(7) requires the debtor to show that the filing of the petition was in good faith. It is abundantly clear that the petition was not filed in good faith and the plan was not proposed in good faith. The case was filed in order to enable Thompson to delay enforcement of the Mayo's unstayed judgment against him. The plan was filed for this purpose, as well as to give his attorney fees priority over the Mayos. The court is embarrassed that it took so

1

long for the case to be set for final hearing given the clearly abusive nature of the filing and the plan.[1]

Moreover, Thompson has not even shown that he is lawfully practicing his profession as an architect. The court cannot therefore find that his continued practice is not forbidden by law.

Section 1325(a)(6) requires the debtor to show that he will be able to make all the payments and to comply with the plan. The court cannot make this finding because Thompson has failed to convince the court that his properties, which he supposedly will liquidate years into the plan, have sufficient equity to pay his debts now, let alone that they will have equity another two years or more in the future. The court finds his self-serving testimony completely unconvincing.

Thompson having failed to convince the court that each requirement of § 1325(a) has been met, the Mayos' objection will be sustained and confirmation denied. Allowing the case to continue in Chapter 13 would only further Thompson's bad faith purposes. The court finds that by failing to vigorously prosecute this case and his prior Chapter 13 case, Thompson has caused unreasonable delay, and the delay has been prejudicial to the Mayos and other creditors. Accordingly, the court will grant the Mayo's motion to convert the case to Chapter 7. Counsel for the Mayos shall submit an appropriate form of order.

Dated: September 6, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1] The court is even more embarrassed to note that this is Thompson's second Chapter 13, his first, filed in 2009, having been dismissed due to his failure to appear in prosecution of his plan. The court also notes in passing that Thompson perjured himself in his petition commencing this case, having stated "None" when required to list prior cases within eight years.